UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANTONYO STEPHENS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No.: 1:07-CR-28 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on the "Section 3582(c)(2) Motion Pursuant to Amendment 750 the Crack Cocaine Guidelines Effective November 1, 2011" filed by petitioner Antonyo Stephens on October 12, 2012 (docket at 197). The government filed a response in opposition to the motion on November 8, 2012 (docket at 199) and Stephens filed a reply brief on November 21, 2012 (docket at 200). For the reasons discussed below, the Court interprets petitioner's motion as a motion to reconsider. The motion is DENIED.

## DISCUSSION

In his motion Stephens moves the Court to reduce his term of imprisonment based on the Fair Sentencing Act of 2010, Pub.L. 111-220, 124 Stat. 2372, for offenses involving cocaine base or "crack." On February 2, 2012, Stephens filed precisely such a motion (docket at 183), which the Court denied by order entered on April 30, 2012 (docket at 189). Stephens attempted to appeal that decision to the Seventh Circuit Court of Appeals but his appeal was dismissed because it was untimely. *See* docket at 196, Mandate of United States Court of Appeal. Now he returns to this Court asking for the same relief he sought, and failed to get, in his earlier motion. In his motion he claims that he is entitled to a reduction in his sentence because this Court's

earlier ruling "was wrongly determined and thus, the motion for relief." Motion for Reduction, p. 1, n. 1. Stephens argues that this Court misunderstood the legal basis for his first motion and/or misinterpreted the applicable law. *Id.*, pp. 5-7. Therefore, the present motion is not actually a motion for reduction of sentence pursuant to 18 U.S.C. § 3582, but rather, a motion urging this Court to reconsider its order of April 30, 2012.

In its response to Stephens's motion, the government states that "this Court has no jurisdiction to give Stephens any type of relief he is requesting[.]" Government's Response, p. 1. The government argues that "[t]he Court denied [Stephens's] first motion because it did not have authority to reduce his sentence which was based on the binding terms of his plea agreement and was foreclosed by *Freeman v. United States*, 131 S.Ct. 2685 (2011)." *Id*. The government further argues that Stephens had an opportunity to appeal this Court's final determination to the Seventh Circuit but he filed his appeal too late. The government concludes its argument by stating as follows:

> Stephens had his shot at a sentence reduction under 18 U.S.C. § 3582 based on the crack amendments. Unfortunately for him, he entered into a binding plea term that was not based on a guideline range that was subsequently lowered by the [U.S.] Sentencing Commission and [§] 3582 affords him no relief. This is a final decision which was not properly appealed and is the law of the case. Stephens cannot file yet a second *pro se* motion, raise the same arguments and then attempt to get to a timely appeal once this second motion is denied. The Seventh Circuit has spoken in this regard, when in *United States v. Redd*, 630 F.3d 649 (7th Cir. 2011) it held that "[n]either the text of 3582(c)(2) nor the language of Amendment 712 suggests that prisoners are entitled to more than one opportunity to request a lower sentence, for any given change in the Guideline range. Once the district judge makes a decision, Rule 35 applies and curtails any further power of revision, unless the Commission again changes the Guidelines and makes that change, too, retroactive." 630 F.3d at 651. No such change in the Guidelines has been made. Stephens cannot use a new § 3582 motion to obtain a fresh decision or ta take a belated appeal of the original decision[.]

2

Government's Response, pp. 2-3. The government is correct. Stephens cannot file a successive motion under § 3582 and attempt to have a second "bite at the apple."[1] His original motion for reduction of sentence was denied for the reasons set forth in the Court's April 30 Opinion and Order. The present motion, which is nothing more than a motion for reconsideration, must be denied.

## CONCLUSION

For the reasons set forth above, the "Section 3582(c)(2) Motion Pursuant to Amendment 750 the Crack Cocaine Guidelines Effective November 1, 2011" filed by petitioner Antonyo Stephens (docket at 197), is hereby deemed to be a motion for reconsideration of this Court's Opinion and Order of April 30, 2012, and is hereby DENIED.

Date: December 4, 2012.

/s/ William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana

---

[1] In his reply brief, Stephens claims that "he is permitted to file a 'new' and second [motion] under § 3582(c)(2) so long as he is not abusing its availability." Reply Brief, p. 3. In support of that contention Stephens cites the case of *United States v. Monroe*, 580 F.3d 552 (7th Cir. 2009). However, the opinion issued in *Monroe* contains no such holding permitting sentenced defendants to file successive motions under § 3582.